ORIGINAL

1  ALAN J. LAZARUS (State Bar No. 129767)
   KRISTA L. COSNER (State Bar No. 213338)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510
   Alan.Lazarus@dbr.com
5  Krista.Cosner@dbr.com

6

E-filing    **FILED**

FILED

MAY 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7  Attorneys for Defendant
   SMITHKLINE BEECHAM CORPORATION d/b/a
8  GLAXOSMITHKLINE

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12  HAROLD DOUGLAS EDWARDS, JUDY          CV 08    Case No.    2659
    C. EDWARDS, LETHA D. ELAM,
13  LEONARD EVANS, GINGER FIELDS,
    BILLY FIELDS, WILLIAM FULTON,         **NOTICE OF REMOVAL AND**
14  LARRY GENTRY, JOHNNY GRIGSBY,         **REMOVAL ACTION UNDER 28 U.S.C.**
    VIRGINIA GUNTER, DONALD L.            **§ 1441(B) (DIVERSITY) and 28 U.S.C. §**
15  HAMLET, ELIZABETH HANNAH,             **1441(C) (FEDERAL QUESTION) OF**
    WANDA HARVEY, PHYLLIS                 **DEFENDANT SMITHKLINE**
16  HEASLEY, LUCERY HENRY, JIMMY          **BEECHAM CORPORATION d/b/a**
    HENSON, BRENETTA HILL, CHARLES        **GLAXOSMITHKLINE**
17  NOLAN HILL, GRANVILLE HOLLON,
    LORAINE JACKSON, KAREN
18  KETCHEY

19                  Plaintiffs,

20       v.

21  SMITHKLINE BEECHAM
    CORPORATION d/b/a
22  GLAXOSMITHKLINE and McKESSON
    CORPORATION,
23
                    Defendants.
24

25

26  **TO THE CLERK OF THE COURT:**

27       Defendant Smithkline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"),

28  hereby removes to this court the state action described below. Removal is warranted

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1  under 28 U.S.C. § 1441 because this is an action over which this Court has original

2  jurisdiction under 28 U.S.C. §§ 1331 and 1332.

3  **I.    BACKGROUND**

4      1.    On May 21, 2008, Plaintiffs Harold Douglas Edwards, Judy C. Edwards,

5  Letha Elam, Leonard Evans, Ginger Fields, Billy Fields, William Fulton, Larry Gentry,

6  Johnny Grigsby, Virginia Gunter, Donald Hamlet, Elizabeth Hannah, Wanda Harvey,

7  Phyllis Heasley, Lucery Henry, Jimmy Henson, Brenetta Hill, Charles Hill, Granville

8  Holon, Loraine Jackson and Karen Ketchey ("Plaintiffs"), represented by The Miller

9  Firm of Orange, Virginia, commenced this action in the Superior Court of the State of

10  California for the County of San Francisco. A true and correct copy of the Complaint in

11  the action is attached as Exhibit "A " to the Declaration of Krista L. Cosner in Support of

12  Notice of Removal and Removal Action under 28 U.S.C. § 1441(b) and 28 U.S.C. §

13  1441(c) (Federal Question) of Defendant SmithKline Beecham Corporation dba

14  GlaxoSmithKline (hereinafter "Cosner Decl.").

15      2.    Neither defendant has yet been served with Plaintiffs' Complaint. Cosner

16  Decl., ¶9.

17      3.    There have been no additional proceedings in the state court action.

18      4.    This is one of many cases that have been filed recently in both federal and

19  state court across the country involving the prescription drug Avandia®. Cosner Decl.,

20  ¶5. Plaintiffs' counsel, The Miller Firm, has filed Avandia cases in both state and federal

21  courts, but only in the cases filed in California has The Miller Firm named McKesson, or

22  any alleged distributor of Avandia, as a defendant. Cosner Decl., ¶6.

23      5.    On October 16, 2007, the Judicial Panel on Multidistrict Litigation

24  ("JPML") issued an order directing that then-pending Avandia-related cases be

25  transferred and coordinated for pretrial proceedings in the United States District Court for

26  the Eastern District of Pennsylvania, before the Honorable Cynthia M. Rufe, pursuant to

27  28 U.S.C. § 1407. See Transfer Order, *In re Avandia Marketing, Sales Practices and*

28  *Products Liability Litigation*, MDL 1871 (E.D.P.A.) (a true and correct copy of which is

1   attached as Exhibit "B" to Cosner Decl.). Additional Avandia-related cases pending in
2   federal court, which are common to the actions previously transferred to the Eastern
3   District of Pennsylvania and assigned to Judge Rufe, are treated as potential tag-along
4   actions. *See id.; see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001).
5   GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re*
6   *Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and
7   shortly will provide the JPML with notice of this action pursuant to the procedure for
8   "tag along" actions set forth in the rules of the JPML. Cosner Decl., ¶7.

9          6.    As more fully set forth below, this case is properly removed to this Court
10  pursuant to 28 U.S.C. § 1441 because GSK has satisfied the procedural requirements for
11  removal and this Court has subject matter jurisdiction over this case pursuant to 28
12  U.S.C. §§ 1331 and 1332.

13  **II.    DIVERSITY JURISDICTION**

14         7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332
15  because this is a civil action in which the amount in controversy exceeds the sum of
16  $75,000, exclusive of costs and interest, and is between citizens of different states.

17         **A.    There is Complete Diversity of Citizenship Between Plaintiffs and**
18               **Defendants**

19         8.    The Complaint names twenty-one individual plaintiffs. *See* Cosner Decl.,
20  Exh. A, ¶¶ 10-30:

21               a.    Plaintiff Harold Douglas Edwards alleges that he is a "resident" of
22  the State of Kentucky. Accordingly, at the time this action was commenced, he was a
23  citizen of the State of Kentucky. *Id.* at ¶ 10.

24               b.    Plaintiff Judy C. Edwards alleges that she is a "resident" of the State
25  of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of
26  the State of Tennessee. *Id.* at ¶ 11.

27               c.    Plaintiff Letha D. Elam alleges that she is a "resident" of the State of
28  Kentucky. Accordingly, at the time this action was commenced, she was a citizen of the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

SF1\400692\1      NOTICE OF REMOVAL AND REMOVAL                                          CASE NO.

1    State of Kentucky. *Id.* at ¶ 12.

2        d.    Plaintiff Leonard Evans alleges that he is a "resident" of the State of
3    Louisiana. Accordingly, at the time this action was commenced, he was a citizen of the
4    State of Louisiana. *Id.* at ¶ 13.

5        e.    Plaintiff Ginger Fields alleges that she is a "resident" of the State of
6    Kentucky. Accordingly, at the time this action was commenced, she was a citizen of the
7    State of Kentucky. *Id.* at ¶ 14.

8        f.    Plaintiff Billy Fields alleges that he is a "resident" of the State of
9    Kentucky. Accordingly, at the time this action was commenced, he was a citizen of the
10    State of Kentucky. *Id.* at ¶ 15.

11        g.    Plaintiff William Fulton alleges that he is a "resident" of the State of
12    Kentucky. Accordingly, at the time this action was commenced, he was a citizen of the
13    State of Kentucky. *Id.* at ¶ 16.

14        h.    Plaintiff Larry Gentry alleges that he is a "resident" of the State of
15    Tennessee. Accordingly, at the time this action was commenced, he was a citizen of the
16    State of Tenessee. *Id.* at ¶ 17.

17        i.    Plaintiff Johnny Grigsby alleges that he is a "resident" of the State of
18    Kentucky. Accordingly, at the time this action was commenced, he was a citizen of the
19    State of Kentucky. *Id.* at ¶ 18.

20        j.    Plaintiff Virginia Gunter alleges that she is a "resident" of the State
21    of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of
22    the State of Tennessee. *Id.* at ¶ 19.

23        k.    Plaintiff Donald Hamlet alleges that he is a "resident" of the State of
24    Kentucky. Accordingly, at the time this action was commenced, he was a citizen of the
25    State of Kentucky. *Id.* at ¶ 20.

26        l.    Plaintiff Elizabeth Hannah alleges that she is a "resident" of the
27    State of Kentucky. Accordingly, at the time this action was commenced, she was a
28    citizen of the State of Kentucky. *Id.* at ¶ 21.

1     m.    Plaintiff Wanda Harvey alleges that she is a "resident" of the State

2  of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of

3  the State of Tennessee. *Id*. at ¶ 22.

4     n.    Plaintiff Phyllis Heasley alleges that she is a "resident" of the State

5  of Kentucky. Accordingly, at the time this action was commenced, she was a citizen of

6  the State of Kentucky. *Id*. at ¶ 23.

7     o.    Plaintiff Lucery Henry alleges that she is a "resident" of the State of

8  Louisiana. Accordingly, at the time this action was commenced, she was a citizen of the

9  State of Louisiana. *Id*. at ¶ 24.

10     p.    Plaintiff Jimmy Henson alleges that he is a "resident" of the State of

11  Kentucky. Accordingly, at the time this action was commenced, he was a citizen of the

12  State of Kentucky. *Id*. at ¶ 25.

13     q.    Plaintiff Brenetta Hill alleges that she is a "resident" of the State of

14  Kentucky. Accordingly, at the time this action was commenced, she was a citizen of the

15  State of Kentucky. *Id*. at ¶ 26.

16     r.    Plaintiff Charles Nolan Hill alleges that he is a "resident" of the

17  State of Louisiana. Accordingly, at the time this action was commenced, he was a citizen

18  of the State of Louisiana. *Id*. at ¶ 27.

19     s.    Plaintiff Granville Hollon alleges that he is a "resident" of the State

20  of Tennessee. Accordingly, at the time this action was commenced, he was a citizen of

21  the State of Tennessee. *Id*. at ¶ 28.

22     t.    Plaintiff Loraine Jackson alleges that she is a "resident" of the State

23  of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of

24  the State of Tennessee. *Id*. at ¶ 29.

25     u.    Plaintiff Karen Ketchey alleges that she is a "resident" of the State

26  of Kentucky. Accordingly, at the time this action was commenced, she was a citizen of

27  the State of Kentucky. *Id*. at ¶ 30.

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\400692\1        NOTICE OF REMOVAL AND REMOVAL        CASE NO.

1

2      9.     GSK is, and was at the time Plaintiffs commenced this action, a corporation

3   organized under the laws of the Commonwealth of Pennsylvania with its principal place

4   of business in Philadelphia, Pennsylvania, and therefore, is a citizen of Pennsylvania for

5   purposes of determining diversity.  28 U.S.C. § 1332(c)(1).  Cosner Decl., ¶8.

6      10.    The remaining named defendant, McKesson, is a Delaware corporation,

7   with its principal place of business in San Francisco, California.  Cosner Decl., Exh. C, ¶

8   3.  Accordingly, there is complete diversity of citizenship between plaintiffs and

9   defendants.

10         **B.     The Amount In Controversy Requirement Is Satisfied**

11      11.    It is apparent on the face of the Complaint that Plaintiffs seek an amount in

12   controversy in excess of $75,000, exclusive of costs and interest.

13      12.    Plaintiffs allege that they ingested Avandia, and, as a result, "have suffered

14   heart injury, excessive fluid retention, fluid-overload disease, liver damage, liver failure,

15   stroke and severe injury to the heart leading to cardiac arrest," and have sustained,

16   "physical and financial damages including pain and suffering." *See* Cosner Dec. Exh. A

17   at ¶53.  Plaintiffs further allege that Plaintiffs "suffered severe and permanent physical

18   injuries" and endured substantial pain and suffering and extensive medical and surgical

19   procedures." *See id.* at ¶70.

20      13.    Plaintiffs allege that they have suffered economic loss, and have otherwise

21   been physically, emotionally and economically injured, and that their injuries and

22   damages are permanent and will continue into the future.  *See* Cosner Dec. Exh. A at ¶70.

23      14.    Plaintiffs seek actual and punitive damages.  *See* Cosner Dec. Exh. A,

24   Prayer for Relief.

25      15.    Punitive damages are included in the calculation of the amount in

26   controversy.  See *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

27      16.    Given the allegations set forth above, the face of the Complaint makes clear

28   that Plaintiffs seek in excess of $75,000, exclusive of interest and costs. See *Simmons v.*

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

6

SFI\400692\1        NOTICE OF REMOVAL AND REMOVAL                                                CASE NO.

1    *PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

2    **C.    The Citizenship of McKesson Must Be Ignored Because McKesson Has**
3    **Not Been Properly Joined and Served**

4    17.    Under 28 U.S.C. § 1441(b), the so-called "forum defendant rule," an action

5    is removable only if none of the parties in interest, *properly joined and served* as

6    defendants, is a citizen of the State in which such action is brought. 28. U.S.C § 1441(b)

7    (emphasis added).

8    18.    McKesson, although a citizen of California, has not yet been served with

9    the Complaint in this case. Cosner Decl., ¶9.

10    19.    Accordingly, because there is complete diversity of citizenship and because

11    no "properly joined and served defendant" is a citizen of this State, it is appropriate that

12    this action be removed to this Court. *See Waldon v. Novartis Pharmaceuticals Corp.*,

13    2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 18, 2007); *see also* 28 U.S.C. § 1441(b).

14    **D.    The Citizenship Of McKesson Must Be Ignored Because McKesson Is**
     **Fraudulently Joined**

15    20.    A defendant is fraudulently joined, and its presence in the lawsuit is

16    ignored for purposes of determining the propriety of removal, "if the plaintiff fails to

17    state a cause of action against the resident defendant, and the failure is obvious according

18    to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067

19    (9th Cir. 2001); *see also Hamilton Materials, Inc. v. Dow Chemical Corporation*, 494

20    F.3d. 1203, 1206 (9th Cir. 2007).

21    21.    McKesson is fraudulently joined because Plaintiffs have failed to make any

22    specific material allegations against it. Plaintiffs do not even allege that they ingested

23    Avandia that was distributed by McKesson, compelling the conclusion that Plaintiffs

24    have fraudulently joined McKesson in an attempt to defeat diversity jurisdiction. *See,*

25    *e.g., Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-

26    state defendants fraudulently joined where "no material allegations against [the in-state

27    defendants] are made"); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S,

28    1997 U.S. Dist. LEXIS 18365 (S.D. Ala. 1997) (holding that there is "no better admission

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

7

SFI\40069211    NOTICE OF REMOVAL AND REMOVAL    CASE NO.

1  of fraudulent joinder of [the resident defendant]" than the failure of the plaintiff "to set

2  forth any specific factual allegations" against them). Plaintiffs cannot cure this

3  deficiency by simply relying on allegations directed toward "Defendants" or GSK alone.

4      22.   Plaintiffs specifically allege that GSK was engaged in the business of

5  designing, developing, manufacturing, testing, packaging, promoting, marketing,

6  distributing, labeling and/or selling Avandia. See Cosner Decl. Exh. A, at ¶31. Further,

7  plaintiffs specifically allege that Avandia was created and marketed by GSK; that GSK

8  had longstanding knowledge of Avandia-related dangers which GSK failed to adequately

9  warn and disclose to consumers; that GSK concealed, suppressed and failed to disclose

10  these referenced dangers; that GSK has represented and has continued to represent that it

11  manufactures and/or sells safe and dependable pharmaceuticals; that GSK has failed to

12  adequately warn or inform consumers, such as Plaintiffs or Plaintiffs' prescribing

13  physicians of known defects in Avandia; and that as a result of GSK's omissions and/or

14  misrepresentations, Plaintiffs ingested Avandia. *See id.* at ¶¶40, 44-46, 49 and 51.

15      23.   Plaintiffs also claim, however, that McKesson "packaged, distributed,

16  supplied, sold, placed into the stream of commerce, labeled, described, marketed,

17  advertised, promoted and purported to warn or inform users regarding the risks pertaining

18  to, and assuaged concerns about [ ] Avandia." *See id.* at ¶38. These allegations are

19  inconsistent and contradictory, and courts have frequently viewed such inconsistencies as

20  evidence of fraudulent joinder. *See Baisden v. Bayer Corp.,* 275 F. Supp. 2d 759, 762-

21  763. (S.D. W.Va. 2003).

22      24.   Plaintiffs assert claims of: (1) negligence; (2) negligent failure to

23  adequately warn; (3) negligence per se; (4) negligent misrepresentation; (5) breach of

24  express warranty; (6) breach of implied warranty; (7) strict products liability – defective

25  design; (8) strict products liability – manufacturing and design defect; (9) strict products

26  liability – failure to adequately warn; (10) fraudulent misrepresentation; (11) violations of

27  California Unfair Trade Practices and Consumer Protection Law; (12) unjust enrichment;

28  (13) loss of consortium and (14) punitive damages. In these allegations, Plaintiffs aver

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

8

1    that collectively, "Defendants" or "Defendants GSK and McKesson," defectively
2    designed and manufactured the product; concealed knowledge of unreasonably dangerous
3    risks associated with the product; failed to conduct adequate and sufficient pre-clinical
4    testing and post-marketing surveillance of the product; failed to provide FDA with
5    complete and adequate information regarding the product; failed to warn consumers
6    and/or their health care providers of certain risks associated with the product; failed to
7    utilize adequate and non-misleading labeling; and made affirmative misrepresentations
8    and omissions regarding the risks associated with taking Avandia. All of these claims are
9    substantively based on the design and manufacture of the product, failure to warn,
10    fraudulent concealment, and inadequate pre-clinical testing and post-marketing
11    surveillance. As a wholesale distributor of Avandia, McKesson played no role in its
12    testing, marketing or advertising. All McKesson did was pass along unopened boxes of
13    Avandia, in unadulterated form, to hospitals and other businesses in the healthcare
14    industry. *See* Cosner Decl. Exh. C, ¶¶ 6-7.[1]

15    25.    Further, based on the "learned intermediary" doctrine, McKesson bore no
16    duty to warn Plaintiffs. The "learned intermediary" doctrine, the foundation of
17    prescription drug product liability law, provides that the duty to warn about a drug's risks
18    runs from the manufacturer to the physician (the "learned intermediary"), and then from
19    the physician to the patient. *See Brown v. Superior Court (Abbott Labs.)*, 44 Cal. 3d
20    1049, 1061-62, n.9 (1988); *Carlin v. Superior Court (Upjohn Co.)*, 13 Cal. 4th 1104,
21    1116 (1996). It is the physician, and only the physician, who is charged with prescribing
22    the appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44

---

24    [1] The Declaration of McKesson's representative, Greg Yonko may be considered by the Court in
25    determining whether McKesson is fraudulently joined. *Maffei v. Allstate California Ins. Co.*, 412
    F.Supp.2d 1049 (E.D. Cal. 2006) ("[t]he court may pierce the pleadings, consider the entire record, and
26    determine the basis of joinder by any means available") *citing Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.
    Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder...federal courts may look beyond
27    the pleadings to determine if the joinder...is a sham or fraudulent device to prevent removal"). *See also
    Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (evidence may be presented by the
28    removing party that there is no factual basis for the claims pleaded against the local defendant).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

9

NOTICE OF REMOVAL AND REMOVAL    CASE NO.

1 | Cal. 3d at 1061-62.

2     26.    GSK and the FDA prepared the information to be included with the

3 prescription drug, Avandia, with the FDA having final approval of the information that

4 could be presented. Once the FDA has determined the form and content of the

5 information, it is a violation of federal law to augment the information. *See* 21 U.S.C.

6 §331(k) (prohibiting drug manufacturers and distributors from causing the "alteration,

7 mutilation, destruction, obliteration, or removal of the whole or any part of the labeling"

8 of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal.3d 1049, 1069

9 n.12 (noting that the FDA regulates the testing, manufacturing, and marketing of drugs,

10 including the content of their warning labels). Therefore, any safety and warning

11 information McKesson had about Avandia would have come from GSK in the form of

12 FDA-approved packaging and labeling. McKesson could not change the labeling it was

13 given by GSK as approved by the FDA without violating federal law. No duty can be

14 found where it requires a party to violate the law to fulfill it.

15     27.    As such, given the lack of a causal connection between the injuries alleged

16 by Plaintiffs and McKesson's conduct, as well as the absence of any legal or factual basis

17 for Plaintiffs' claims against McKesson, McKesson's joinder is fraudulent and its

18 citizenship should be ignored for purposes of determining the propriety of removal.

19 **III.    FEDERAL QUESTION JURISDICTION**

20     28.    This Court has federal question jurisdiction over Plaintiffs' claims under

21 28 U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v.*

22 *Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005).

23     29.    As more fully explained below, Plaintiffs have made violations of federal

24 law critical elements of several of their claims.

25     **A.    Plaintiffs' Claims Require Construction and Application of the FDCA and Its Implementing Regulations**

26

27     30.    Count III of Plaintiffs' Complaint, "Negligence Per Se," explicitly alleges

that defendants violated federal law. Plaintiffs claim, *inter alia*, that "[d]efendants

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

10

SF1\400692\1 | NOTICE OF REMOVAL AND REMOVAL | CASE NO.

1 violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. Section 301 *et seq*., related
2 amendments and codes and federal regulations provided thereunder, and other applicable
3 laws, statutes, and regulations." *See* Cosner Decl. Exh A, ¶ 74.

4     31.   Plaintiffs further claim that "[d]efendants' acts constituted an adulteration
5 and/or misunderstanding *[sic]* as defined by the Federal Food, Drug and Cosmetic Act,
6 21 U.S.C. § 331. . . ." *See* Cosner Decl. Exh A, ¶ 76.

7     32.   Moreover, Count II of the Plaintiffs' Complaint, "Negligent Failure to
8 Adequately Warn," and Count IX, "Strict Products Liability – Failure to Adequately
9 Warn," also require construction and application of the FDCA and implementing federal
10 regulations, which govern approval of prescription drugs and regulate prescription drug
11 manufacturers' public and promotional statements, including all aspects of warnings and
12 labeling.

13     33.   As a currently-marketed prescription drug, Avandia is subject to extensive
14 regulation by the FDA. The FDCA requires the FDA to ensure that "drugs are safe and
15 effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and
16 officially reviewing clinical research and taking appropriate action on the marketing of
17 regulated products." 21 U.S.C. § 393(b)(1). The Secretary of the FDA has the authority
18 to promulgate regulations to enforce the FDCA, which are codified in the *Code of*
19 *Federal Regulations*, 21 C.F.R. § 200, *et seq*. *See* 21 U.S.C. § 371(a).

20     34.   To accomplish its purpose, the FDA maintains a Center for Drug
21 Evaluation and Research (the "CDER"). The CDER regulates pharmaceutical
22 companies' development, testing and research, and manufacture of drugs. The CDER
23 examines data generated by these companies to conduct a risk/benefit analysis and make
24 an approval decision. The CDER also ensures truthful advertising for prescription drugs,
25 in part by approving Package Inserts that properly outline benefit and risk information.
26 Once drugs are marketed, the CDER continues to monitor them for unexpected health
27 risks that may require public notification, a change in labeling, or removal of the product
28 from the market. In short, the CDER evaluates and monitors the effectiveness and safety

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

11

1  of prescription drugs. *See* http://www.fda.gov/cder/about/faq/default.htm.

2      35.    Promotional communications to physicians about Avandia are contained

3  within, and restricted by, warning, labeling, and promotional materials, such as the

4  Package Insert, that are approved and monitored by the FDA to ensure the provision of

5  accurate information about the drug's respective risks and benefits. Under federal

6  regulations, even claims in promotional labeling or advertising must be consistent with

7  approved labeling. 21 C.F.R. § 202.1(e)(4) (2005).

8      36.    The FDA's responsibility to regulate prescription drugs sold in the United

9  States, and to enforce laws with respect to such drugs, inclusive of the precise content

10  and format of prescription drug labeling (e.g., the instructions, warning, precautions,

11  adverse reaction information provided by manufacturers, and marketing materials), is

12  plenary and exclusive. *See* 21 U.S.C. § 301, *et seq.*

13      37.    Plaintiffs have explicitly alleged violations of federal law in their

14  "Negligence Per Se" claim, and have made alleged violations of federal law a critical

15  element of their "Negligent Failure to Adequately Warn" and "Strict Products Liability –

16  Failure to Adequately Warn" claims. Accordingly, Plaintiffs' claims necessarily raise

17  substantial federal questions by requiring the Court to construe and apply the FDCA and

18  its implementing regulations.

19      **B.    Federal Control of Drug Labeling and Warning**

20      38.    On January 24, 2006, the FDA announced a rule that includes a detailed

21  and emphatic statement of the FDA's intention that its regulation and  approval of

22  prescription drug labeling preempt most state law claims related to the adequacy of

23  prescription drug warnings because such claims frustrate "the full objectives of the

24  Federal law." *See* Requirements on Content and Format of Labeling for Human

25  Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3934 (Jan. 24, 2006) ("FDA

26  believes that under existing preemption principles, FDA approval of labeling under the

27  act. . . . preempts conflicting or contrary State law."). *See also In re Bextra and*

28  *Celebrex Marketing,* 2006 WL 2374742 (N.D. Cal., August 16, 2006) (Celebrex

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

12

1  decision); *In re Bextra and Celebrex Marketing*, 2006 WL 2472484 (N.D. Cal., August
2  24, 2006) (Bextra decision);

3      39.  Plaintiffs allege that GSK failed to disclose certain risks of Avandia. *See*
4  *e.g.,* Cosner Decl. Exh. A, ¶ 45-47. This allegation necessarily requires Plaintiffs to
5  establish that the FDA, which has exclusive jurisdiction over the labeling of drugs, would
6  have approved the warning the Plaintiffs allege should have been given.

7      40.  Accordingly, there is a substantial federal question with respect to whether
8  Plaintiffs can claim that GSK violated state law in light of the FDA's control of
9  Avandia's labeling and warning and its position on conflict preemption.

10      **C.**  **The Federal Interest In Providing A Forum**

11      41.  The federal government has a strong interest in having a federal court
12  decide several of the issues in this case. Among these issues are:

13      a.  whether any conduct of GSK violated any federal laws or regulations
14  related to the labeling and marketing of Avandia; and

15      b.  whether the FDA-approved Avandia label was false and misleading, as
16  alleged by Plaintiff, and whether a state may impose liability on GSK for not providing
17  more information regarding alleged risks, as Plaintiff contends GSK should have done.

18      42.  Plaintiffs' claims may be vindicated or defeated only by construction of
19  federal statutes and regulations. The availability of a federal forum to protect the
20  important federal interests at issue is therefore consistent with *Grable*, and determination
21  by a federal court of the substantial and disputed federal issues that lie at the heart of this
22  case would not "disturb any congressionally approved balance of federal and state
23  judicial responsibilities." *Grable*, 125 S. Ct. at 2368.

24  **IV.**  **CONFORMANCE WITH PROCEDURAL REQUIREMENTS**

25      43.  This Court has jurisdiction over this matter based on federal question and
26  diversity of citizenship, and the present lawsuit may be removed from the Superior Court
27  of the State of California for the County of San Francisco, and brought before the United
28  States District Court for the Northern District of California pursuant to 28 U.S.C. §§

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

13

SF1\400692\1  NOTICE OF REMOVAL AND REMOVAL  CASE NO.

1    1331, 1332 and 1441.

2    44.    Neither GSK nor McKesson have been served with Plaintiffs' Complaint.
3    Cosner Decl. ¶4. Therefore, this Removal has been timely filed. *See* 28 U.S.C. §
4    1446(b).

5    45.    Since neither GSK nor McKesson have been "properly joined and served"
6    at the time of filing this Removal, GSK is entitled to removal under the plain language of
7    28 U.S.C. § 1441(b). *See Waldon v. Novartis Pharmaceuticals Corp.,* 2007 U.S. Dist.
8    LEXIS 45809 (N.D. Cal. June 18, 2007). *See also* 28 U.S.C. § 1441(b); Cosner Decl.
9    ¶4.

10   46.    McKesson's consent to remove is not necessary because it is fraudulently
11   joined. *See also, e.g., Easley v. 3M Company, et al.,* 2007 WL 2888335 (N.D. Cal.
12   2007) citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

13   47.    The United States District Court for the Northern District of California is
14   the federal judicial district encompassing the Superior Court of the State of California for
15   the County of San Francisco, where this suit was originally filed. Venue therefore is
16   proper in this district under 28 U.S.C. § 1441(a).

17   48.    Pursuant to the provisions of 28 U.S.C §1 446(d), GSK will promptly file a
18   copy of this Notice of Removal with the clerk of the Superior Court of the State of
19   California for the County of San Francisco, where this suit was originally filed.

20   49.    Defendant reserves the right to amend or supplement this Notice of
21   Removal.

22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

14

1    /// .

2        WHEREFORE, GSK respectfully removes this action from the Superior Court of

3    the State of California for the County of San Francisco to the United States District Court

4    for the Northern District of California, pursuant to 28 U.S.C. § 1441.

5

6    Dated: May 27, 2008                    DRINKER BIDDLE & REATH LLP

7    _____
                                         KRISTA L. COSNER
8

9                                        Attorneys for Defendant
                                         SMITHKLINE BEECHAM
10                                       CORPORATION d/b/a
                                         GLAXOSMITHKLINE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORIGINAL**

JS 44 - CAND (Rev. 11/04)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

### I. (a) PLAINTIFFS
HAROLD DOUGLAS EDWARDS, ET AL.

**BZ**

E-filing

### DEFENDANTS
SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, and McKESSON CORPORATION,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  KENTUCKY
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Philadelphia, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David C. Andersen
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
(540) 672-4224

ATTORNEYS (IF KNOWN)
Alan J. Lazarus, Esq.
Krista L. Cosner, Esq.
Drinker Biddle & Reath
50 Fremont St., 20th Floor
San Francisco, CA 94105

### II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☒ 365 Personal Injury Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Satellite TV |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. Section 1332

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ See Below In excess of jurisdictional amount.

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE May 2_ 2008    SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44